**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50360 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-01525-LAB |
| v. | |
| JOSE OMAR ACOSTA-ALVAREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Jose Omar Acosta-Alvarez appeals from the district court's judgment and

challenges the 36-month sentence and three-year term of supervised release

imposed following his guilty-plea conviction for being a removed alien found in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the United States, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Acosta-Alvarez contends that the district court committed procedural error by failing to explain adequately either the extent of its variance from the advisory Sentencing Guidelines or its imposition of a term of supervised release.  Contrary to Acosta-Alvarez's argument, we review for plain error because he did not assert these objections in the district court.  *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 & n.3 (9th Cir. 2010).  The district court sufficiently explained the sentence, including the supervised release term.  *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("[A]dequate explanation in some cases may . . . be inferred from . . . the record as a whole.").

Acosta-Alvarez also contends that the three-year term of supervised release is substantively unreasonable.  The district court did not abuse its discretion in imposing supervised release.  *See United States v. Valdavinos-Torres*, 704 F.3d 679, 692 (9th Cir. 2012).  The three-year term is not substantively unreasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and Acosta-Alvarez's criminal and immigration history.  *See id.* at 692-93; U.S.S.G. § 5D1.1 cmt. n.5.

**AFFIRMED.**